**Y. M. C. A. v BOYLE, etc., et**

Common Pleas Court, Cuyahoga Co

No 500573.   Decided March 18, 1941

Simmons, DeWitt & Vilas, Cleveland, for plaintiff.

Frank T. Cullitan, county prosecutor, and Frederick W. Frey, Cleveland, for defendant.

**OPINION**

By HURD, J.

This case comes before the court at this time on the motion of the plaintiff for judgment on the pleadings. The petition prays that the defendant, John J. Boyle, county treasurer, be enjoined from collectiong or attempting to collect certain taxes and penalties, and that the defendant John A. Zangerle, county auditor, and the defendant John J. Boyle, be enjoined from keeping the aforesaid taxes and penalties on the books of Cuyahoga county and for such other and further relief as equity and the nature of the case requires.

The plaintiff alleges that it is the owner of certain real property described in the petition and that said property, together with improvements thereon has been used as a home for homeless boys since May, 1932; that on November 25, 1933, the former owner of the above described property deeded same to the Young Men's Christian Association of Cleveland, the plaintiff, and that a few days thereafter the plaintiff

filed an application for exemption from taxation of said property with John A. Zangerle, the county auditor, as a representative of the then Tax Commission of Ohio; that after a long period of negotiation with the auditor, a hearing was had in the fall of 1939, before the Board of Tax Appeals of Ohio, and said property was exempted from taxation by said Board of Tax Appeals beginning January 1, 1939.

Plaintiff further alleges that said property at all times mentioned has been used for charitable purposes and that the defendant John A. Zangerle, county auditor, has assessed and the defendant John J. Boyle has sent bills to the plaintiff for taxes on said property for the years 1934 through 1938 inclusive, in the total sum of $4,181.74. The plaintiff further alleges that the said taxes and penalties were illegally and erroneously assessed and illegally and erroneously billed against said property during all of the years from 1934 to 1938 inclusive, and that said property was and should have been declared legally exempt from taxation as subsequently determined by the Board of Tax Appeals in the fall of 1939.

The answer of the defendants admits their respective official capacities and admits that the plaintiff is the holder of the legal title to the real estate described in the petition; admits that the plaintiff is an institution used exclusively for charitable purposes and that its use for said purposes has been and is charitable, but denies that the plaintiff is the owner of said real estate within the purview and intendment of the Ohio statutes relating to the exemption of real estate from taxation, and avers that the plaintiff holds said real estate in trust for the person, or heirs thereof, from whom said real estate was obtained for use by plaintiff, and avers that as to said real estate charitable user and ownership do not coincide. They admit that the real estate was exempted by the Board of Tax Appeals beginning January 1, 1939, and aver that said exemption was unwarranted and contrary to law, and they deny that any taxes have been illegally or erroneously

assessed against said real estate. The parties have presented oral arguments and have filed briefs in support of their respective contentions, and the matter is now before the court for decision on the motion aforesaid. Upon due consideration of the admissions the defendants made by way of answer, oral argument and brief and the law applicable thereto, we have reached the conclusion that the injunction should be granted as prayed for on the authority of the case of **Zangerle v State ex rel, 120 Oh St 139,** commonly referred to as the Hall case and the case of **Conn v Jones, 115 Oh St 196.**

In our opinion it is clear from the admissions by way of answer, argument and brief, that in respect to the years in question "user and ownership coincide" and that the admitted facts in respect to the years 1934 and 1938 inclusive are precisely the same facts upon which the Board of Tax Appeals of Ohio properly exempted the property from taxation beginning January 31, 1939. It is clear from the record that no appeal was taken by the county auditor or treasurer from the decision of the Board of Tax Appeals, as provided by law, and that the parties are bound by that decision.

Counsel for defendants in a very able brief contend that the decision of the Board of Tax Appeals was merely an administrative function and that there could have been no determination in respect to the title to said property in said proceeding. According to the admissions before this court, the Board of Tax Appeals in order to arrive at its conclusion, necessarily had to determine two questions, one ownership and the other use. It appears to this court further that in so doing it was exercising a judicial function as well as an administrative function. The use of the terms in this respect does not appear to us to be so important. The record is clear from an analysis of the pleadings and briefs in the matter now before us that precisely the same facts and circumstances are admitted in respect of the years 1934 to 1938 in-

clusive, which were before the board in making its decision in respect of the year 1939. Therefore the case of **Zangerle v State ex rel, 120 Oh St 139,** supra, is clearly applicable.

In that case the majority of the court clearly held that the ownership here involved is sufficient to justify exemption, in fact the opinion makes it clear that taxation under these facts and circumstances would be unconstitutional. Assistant county prosecutor Frederick W. Frey, representing the defendants, challenges this ruling of the Supreme Court, stating by way of brief that:

"Because we feel that that **principle of allowing exemption** under the **circumstances of the Hall case and similar cases, is very definitely wrong** not only because it violates the theory and spirit of the exemption laws and flouts truth, but because it lends itself to all manner of the evasion of deceitful connivery from the polite "chiseling" of admittedly worthy charities to the ill smelling schemes of mendicants and racketeers, we feel that we have a strong and definite duty to oppose such acts and practices to the best of our ability before the situation gets to a point where people of means generally can evade their just contributions to government by such acts, and at the same time reap full benefit and profit from property whenever the time seems propitious or suits their fancy."

It is the view of this court that the Supreme Court having spoken on this subject, this court is bound by its decision. It seems further that the admitted facts being that the Y. M. C. A., having the title to this property and using it for charitable purposes, comes within the spirit and intendment of our statutes exempting such property from taxation and the decisions of our Supreme Court in upholding the same.

For the reasons stated, therefore, the motion of the plaintiff for judgment on the pleadings is granted and a decree is entered enjoining the defendants as prayed for. Order see Journal. Exceptions allowed.